IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-04-17-S |
| | § | |
| PHILLIP JEROME BRUNO | § | |
| and CHRISTOPHER JEROME CALDWELL | § | |

## **OPINION AND ORDER**

In a well-reasoned Report the United States Magistrate Judge proffered his recommendation that the joint Motion to Suppress (Instrument no. 64) of the Defendants Christopher Jerome Caldwell and Phillip Jerome Bruno be granted because, on the facts of this case, the law enforcement officials executing the search warrant at Caldwell's residence violated the "Knock and Announce" provision of the Fourth Amendment. The Government has filed lengthy objections which, in the opinion of this Court, do not precisely address the major concerns of the Magistrate Judge. Having now carefully reviewed the Parties' submissions, the file and the transcript of the Evidentiary Hearing, the Court issues this Opinion and Order.

The United States Supreme Court has recently made clear that the "Knock and Announce" rule continues to be a valid part of the Fourth Amendment. See Wilson v. Arkansas, 514 U.S. 927 (1995); see also Richards v. Wisconsin, 502 U.S. 385, (1997)    If the "Knock and Announce" rule retains any preclusive vitality, beyond its application in cases involving its complete disregard, it must be in cases like this one. Here, the officers, despite having a valid arrest warrant, implemented a plan which incorporated, by specific design, a sham compliance with the "Knock and Announce" rule. The search team wanted a tactical advantage so they

descended upon Caldwell's home at 6:00 a.m., knowing the residents would be asleep, with the expressed desire to give Caldwell no time to do anything to react to their knock and announcement before forcibly entering his home. As the Government points out, the "reasonableness" of the "wait time" before a forced entry must be based upon the facts known to the police at the time of entry. United States v. Banks, 540 U.S. 31, 37 (2003)  In the instant case, the officers knew they were affording Caldwell no time to respond to their appearance at his front door. As the Magistrate Judge found, they violated all three of the fundamental interests served by the rule of announcement in their over zealous efforts to invade Caldwell's home. This Court agrees with the Magistrate Judge that *on these facts* the officers executing the search warrant did not wait a reasonable time before forcibly entering Caldwell's home.

The Court **REJECTS** the Government's argument that the inevitable discovery rule should trump any "Knock and Announce" violation. To recognize the application of the inevitable discovery rule in a case like this one would completely nullify the "Knock and Announce" rule.

For the foregoing reasons, the Report and Recommendation of the Magistrate Judge is hereby **ACCEPTED** by this Court in its entirety and incorporated by reference herein.

It is, therefore, the **ORDER** of this Court that the Joint Motion to Suppress (Instrument no. 64) of the Defendants Christopher Jerome Caldwell and Phillip Jerome Bruno is **GRANTED and that all evidence seized during the search of Caldwell's home on January 12, 2005, is SUPPRESSED**.

**DONE** at Galveston, Texas, this 10th day of November, 2005.

_____
Samuel B. Kent
United States District Judge